# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DAVID SWEET,

       Petitioner,

vs.                                                              Civil No.00-687 MV/WWD

JOE WILLIAMS, Warden,

       Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION
### Proposed Findings

      1. THIS MATTER comes before the Court upon Respondent's Motion to Dismiss Habeas Petition, filed June 22, 2000 **[docket # 10]**. Mr. Sweet is currently incarcerated and is proceeding *pro se* and *in forma pauperis*. He was convicted by jury in the Twelfth Judicial District in the district court of Otero County for the crime of conspiracy to distribute marijuana. Petitioner was sentenced as an habitual offender for a total of nine and one-half years incarceration.

      2. In his habeas petition filed pursuant to 28 U.S.C. § 2254, Petitioner ("Sweet") alleges two grounds for relief: (1) that his conviction was not supported by a sufficiency of the evidence; and (2) that trial counsel was ineffective in failing to object to the admission of certain evidence. Respondent contends that the findings by the state court on the first issue should be accorded deference under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[1] and that Petitioner's second issue is procedurally defaulted.

---

[1] Pub.L.No. 104-132, tit.I, sec. 104 (codified at 28 U.S.C. §§ 2254(d),(e) (April 24, 1996)). See Lindh v. Murphy, __ U.S. __, 117 S.Ct. 2059, 2068 (1997) (AEDPA provisions generally apply only to cases filed after the Act became effective).

3. I agree with Respondent, although I also acknowledge that the second alleged ground would also be subject to dismissal on its merits, for reasons discussed below.

*Ground I - Sufficiency of the Evidence*

4. The New Mexico court of appeals addressed and made findings on Petitioner's first issue raised in this petition, viz., that the evidence was insufficient to support his conviction for conspiracy to possess marijuana.

5. Under AEDPA, a state prisoner will be entitled to federal habeas corpus relief only if he can establish that a claim adjudicated by the state courts "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Further, a determination of a factual issue made by a State court "shall be presumed to be correct" and is rebuttable only by "clear and convincing evidence." See Wallace v. Ward, 191 F.3d 1235 (10th Cir. 1999).

6. The court of appeals reviewed the facts, making specific references to the record proper. Ans., Ex. J; see also Ex. D (calendar notice). In the end, the court determined that there was substantial evidence for a rational jury to conclude beyond a reasonable doubt that Sweet, together with April Lawson & co-defendant Michael Edwards, conspired to distribute marijuana or possess marijuana with the intent to distribute.

7. Based on the evidence at trial, the court of appeals reviewed the facts regarding a surveillance operation involving several cars, including the red Chevy (Cavalier model) belonging to April Lawson and the green Chevrolet Tahoe driven by Petitioner, following a tip one of the

agents received that Lawson would be transporting drugs to Alamogordo from El Paso. Agents followed the red Chevy, in which Edwards was riding, to a Super 8 motel in Alamogordo, where it parked near the green Tahoe. A search of the red Chevy revealed 7.4 pounds of marijuana hidden in the rear bumper, worth about $1000 to $1200.[2] In the green Tahoe, officers discovered a piece of paper on the dashboard with Lawson's address and phone number.

8. A search of Sweet's hotel room, which was also occupied by his wife and two children, uncovered several other items that were considered circumstantial evidence linking Petitioner to the driver of the red Chevy: a cell phone and a driver's license in the name of "Don Martin" of Sunland Park, New Mexico, with Sweet's picture on it. Ex. J at 2.

9. Officers found several documents in Sweet's wife's purse: a piece of paper with the name "April" written on it, together with April Lawson's home phone number and the number of a pager seized from Lawson at the time of her arrest; and a Western Union wire transfer from a "Garry Smith" from Peoria, Illinois, to April Lawson in El Paso, Texas. Id.

10. In Lawson's purse, officers found a piece of paper with the name "David" and the phone number of the cell phone found in Sweet's room.

11. I find that the state court's analysis was a reasonable application of United States Supreme Court law, which states that evidence is sufficient to support a criminal conviction "if a reasonable jury could find the defendant guilty beyond a reasonable doubt, given the direct and circumstantial evidence, along with reasonable inferences therefrom, taken in a light most favorable to the government." See Jackson v. Virginia, 443 U.S. 307, 319 (1979); In re Winship,

---

[2] These facts are set out in the court of appeals opinion, Ex. J, and are consistent with facts from both the calendar notice, and Defendant-Appellant's Memorandum in Opposition to Summary Affirmance, Exs D & E.

397 U.S. 358, 362 (1970); United States v. Mains, 33 F.3d 1222, 1227 (10th Cir. 1994). The state court relied on state cases which use exactly the same standard: determining whether a rational fact finder could have been convinced beyond a reasonable doubt that the evidence supported a verdict of guilty. See State v. Garcia, 114 N.M. 269, 274 (1992).[3]

12. I also find that the state court findings did not result in a decision that was based on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." While the state court recognized that the evidence was "hardly overwhelming," it nevertheless determined that the circumstantial evidence indicated that "all the threads of evidence point to [Sweet] at the hub of a conspiracy." Ex. J at 6. The court concluded that a jury could "rationally be convinced beyond a reasonable doubt that a few days before leaving his residence in Peoria, Ill, [Petitioner,] using an assumed name, wired April Lawson $1000 to purchase marijuana that Lawson would bring from the El Paso area to Alamogordo. . . ." Id.

13. Petitioner should be denied relief on this ground.

*Ground II - Ineffective Assistance of Counsel*

14. Petitioner contends that counsel was ineffective in failing to object to the admission of the Western Union wire transfer. Respondent contends that this issue cannot be reviewed because it has been procedurally defaulted.

*Procedural Default*

15. Petitioner filed two state habeas petitions. Ans., Exs. M & O. The second issue in this federal petition was raised in the second state court habeas petition and dismissed by the state

---

[3] In fact, Garcia notes that the "test to determine the sufficiency of evidence in New Mexico. . . is the same as enunciated in [the federal standard]" and cited to both Jackson and Winship.

district court on August 31, 1999.  Ex. P.   However, Petitioner never filed a petition for review of that denial in the state supreme court, pursuant to Rule 12-501(B), NMRA 2000.  Failure to seek review of the denial of a state petition for habeas corpus constitutes procedural default, notwithstanding the discretionary nature of certiorari review in the New Mexico Supreme Court. Ballinger v. Kerby, 3 F.3d 1371 (10th Cir. 1993) (citing Dulin v. Cook, 957 F.2d 758 (10th Cir. 1992)).

16.  Issues are not considered on habeas review "that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." English v. Cody, 146 F.3d 1257, 1259 (10th Cir.1998) (citing Coleman v. Thompson, 501 U.S.722, 749-50 (1991)).  Petitioner attempts to demonstrate cause and prejudice with the contention that it was not possible for him to file his petition to the Supreme Court because the district court in Alamogordo did not send a copy of the mandate to him when it issued the denial.

17.  In order to satisfy the "cause" standard, petitioner must show that compliance with state procedural rules was impeded because of some factor external to the petitioner and not attributable to him. See Watson v. State of New Mexico, 45 F.3d 385, 388 (10th Cir. 1995); Rodriguez v. Maynard, 948 F.2d 684, 687 (10th Cir. 1991).

18. I find no basis for cause and prejudice in this case. Notwithstanding Sweet's contention, it appears that the state district court's order dismissing his state habeas shows that a copy of that order was sent to Petitioner's current address in the Lea County Correctional Facility.  Ans., Ex. P;  see e.g., Adams v. Tatsch, 68 N.M. 446 (1961) (presumption of receipt of appeal properly mailed by the court). The fact remains that Petitioner failed to timely file for

review of the denial of a state petition for habeas corpus because he was unaware of the date it was denied.  However, Petitioner was not precluded from inquiring about or periodically checking on the status of the habeas petition, nor does he present any evidence of a force or reason outside of his own lack of diligence for failing to do so.  See Murray v. Carrier 477 U.S. 478, 486-87 (1986) (ignorance or inadvertence does not constitute cause, nor does failure to recognize the factual or legal basis for a claim).

19.  Petitioner states that he is an "innocent man who has been unjustly convicted of crime." Petitioner's Resp. to Mot. to Dismiss, at 6.  However, a claim of actual innocence requires more than a mere assertion. See Sellers v. Ward, 135 F.3d 1333, 1338 (10th Cir. 1998).  Rather, a petitioner must present evidence of innocence "so strong that a court cannot have any confidence in the outcome of the trial."

20.  Sweet presents no such evidence here, offering nothing but his own spin on his connection to the evidence admitted at trial, which is insufficient to demonstrate a fundamental miscarriage of justice.  See McCleskey v. Zant, 499 U.S. 467 (1991) (fundamental miscarriage of justice involves extraordinary circumstances when a constitutional violation probably has caused the conviction of one innocent of the crime).  For example, he argues that he did not know April Lawson before simply happening to show up at the Super 8 hotel where she was staying, and that he had no connection to the wire transfer receipt which actually belonged to Michael Edwards but was picked up by his wife when she was "cleaning their vehicle." Ans., Ex. O at 2.  These matters are not evidence that support actual innocence but rather are matters properly relegated to credibility determinations, which has always been the province of the jury.  See United States v. McCullah, 76 F.3d 1087, 1102 (10th Cir. 1996); Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th

Cir. 1993). Thus, I find this issue to be procedurally defaulted.

*Dismissal is Also Warranted On the Merits Even if Not Procedurally Defaulted*

21. However, even presuming that it is not defaulted, the issue should be dismissed on its merits. To prove his counsel was constitutionally ineffective, a petitioner must show that his counsel's performance was deficient and he was prejudiced by the deficiency. See Strickland v. Washington, 466 U.S. 668, 687 (1984), cited in United States v. Gray, 182 F.3d 762, 767 (10th Cir.1999).

22. Petitioner's allegation here centers on the Western Union wire transfer receipt for $1000.00, which was admitted into evidence at trial. Sweet contends counsel was ineffective for failing to object to the introduction of this document. However, the record indicates that defense counsel *did* object, albeit "only after the district court invited objections," and that the objections "were so abbreviated that they gave little guidance to the court." Ans., Ex. J at 4.

23. Even counsel's weak objections to the wire transfer receipt are insufficient to prove ineffective assistance, since Petitioner cannot establish that prejudice resulted. See Walker v. Gibson, 228 F.3d 1217, 1230 (10th Cir. 2000) (court may address the performance and prejudice components in any order and need not address both if a petitioner fails to make the requisite showing for one). The court of appeals examined the issue on appeal that the trial court erred in admitting the wire transfer receipt, but ultimately held that the exhibit *was* admissible "-- at least for a limited purpose – despite the objections based on hearsay, authentication, and foundation."[4] Thus, counsel is not ineffective for failing to raise a meritless claim. U.S. v. Dixon, 1 F.3d 1080,

---

[4] The court noted that objections based on due process or the right of confrontation were not raised. Ex. J at 4.

1084 n.5 (10th Cir. 1991), abrog. on other grds., Florida v. White, 526 U.S. 559 ( May 17, 1999).

24.   The court of appeals also stated that it agreed with the district court that "a directed verdict for [Sweet] would have been required if the Western Union receipt had not been admitted," Ex. J at 6, but went on to recognize that the document was both authenticated and relevant.  At the same time, the court  noted  that the document may have been inadmissible on the basis that its prejudicial value outweighed it's probative value, and also that it could have been subject to a requested limiting instruction on its use, but that defense counsel had not objected on either ground.  At 5.

25.   The appeals court declined to address the issue further because an objection to improper use of the document was not preserved in district court.  However, it noted that it did not find the admission of the document to be either "fundamental error," a "miscarriage of justice," or  "a denial of basic justice to Defendant."  At 6.

26.   Accordingly, Petitioner's claim as to the admission of the wire transfer receipt should be dismissed on its merits, even if it were not procedurally defaulted.  The state court made sufficient findings on the issue and concluded that the trial court did not err in admitting the wire transfer receipt.  Moreover, state court rulings on the admissibility of evidence are not subject to federal habeas review in this Court "unless they render the trial so fundamentally unfair as to constitute a denial of federal constitutional rights." See Duvall v. Reynolds, 139 F.3d 768, 789 (10th Cir. 1998).

27.   Given the underlying facts and circumstantial evidence in this case, I do not find that the admission of the wire transfer receipt violated Petitioner's due process rights or otherwise rendered the trial fundamentally unfair.  Petitioner should be denied relief on this ground.

**Recommendation**

I recommend that Respondent's Motion to Dismiss Habeas Petition **[docket # 10]** be GRANTED, that the Petition for Writ of Habeas Corpus be DENIED, and that this cause be DISMISSED WITH PREJUDICE in its entirety.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE